UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CHERVON NORTH AMERICA, INC., <br><br> Defendant. | Case No. 14-CV-1289-JPS <br><br><br> ORDER |

The plaintiffs initiated this patent litigation on October 16, 2014. (Docket #1). Presently before the Court are two motions related to discovery. On June 19, 2015, the defendant filed a motion to compel, pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 7(h). (Docket #42). On June 29, 2015, the plaintiffs filed a response along with a separate motion for a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(1) and Civil Local Rule 7(h). (Docket #44, #46). On July 9, 2015, the defendant filed a response to the protective order. (Docket #48). The motions are now fully briefed and ready for disposition.

Prior to addressing the merits of the pending motions, the Court notes that, along with the motion to compel, the defendant filed a motion to restrict certain documents. (Docket #41). The documents include material and/or testimony that the plaintiffs, defendant and/or third party have designated as Confidential under the Protective Order in this case. (Docket #41 at 1). The plaintiffs did not file any opposition. As such, the Court will grant the motion to restrict.

1. Motion to Compel

The defendant's motion to compel addresses three distinct areas in which it seeks discovery: (1) agreements and related documents, seeking "the second half of agreements (and related documents) that collectively settled two earlier litigations between Plaintiffs and Hitachi Koki…involving the very patents at issue in this case"; (2) infringement contentions, seeking a "full response to Chervon's Interrogatory No. 1"; and (3) Rule 30(b)(6) topics, seeking that the plaintiffs designate Rule 30(b)(6) witnesses on Topic Nos. 23, 25, 28, and 35-38. (Docket #42 at 1-3).

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." The information sought need not itself be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court shall limit discovery if it determines the discovery sought to be unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain the information by discovery in the action, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii). Moreover, Rule 26(c) allows courts, for good cause shown, to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… forbidding the disclosure or discovery." Fed.R.Civ.P. 26(c)(1).

Although Rule 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention becomes appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the

materials, the party must then personally consult with the opposing party and attempt to resolve their differences. Civil L.R. 37 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed.R.Civ.P. 37(a). Such motion must be accompanied by a written certification by the movant that, "after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." Civil L.R. 37 (E.D. Wis.). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machs., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Here, the Court need not address the substance of the defendant's motion because it failed to comply with a critical local rule in filing the motion. Defendant generally asserts that it met and conferred with counsel for the plaintiffs (Jessica Polakowski and Paul Stockhausen) on at least May 1, May 11, May 22, and June 8, 2015. (Docket #42 at 1). In direct contrast, however, the plaintiffs assert that the defendant did not in fact meet and confer on *any* of the specific topics addressed in the motion to compel.[1]

As such, the Court finds that the defendant has not complied with its obligation to certify that it attempted to resolve the issue with the plaintiffs.

---

[1] (*See* Docket #44 at 2 (noting that [c]ontrary to its blanket assertion, Chervon did not communicate with Plaintiffs following Plaintiffs' indication that Hitachi had refused consent)); (Docket #44 at 4 ("While Plaintiffs believe their supplemental contentions are sufficient, they of course would have been willing to discuss the issue and consider adding further specificity…. This is precisely the type of issue that can, and should, be resolved through the meet and confer process)); (Docket #44 at 4 (noting that Chervon never responded, and filed the instant motion to compel after weeks of silence")).

*See* Civil L.R. 37 (E.D. Wis.). Civil Local Rule 37 serves to facilitate communication between the parties while also reducing the potential costs of prematurely bringing a dispute before the Court. Consultation with one's adversary is the first avenue of resolution that must be explored. The meet and confer requirement set forth in Rule 37 does not simply mean that the parties have met and conferred generally on discovery issues, but rather that the parties have met specifically on those matters that are the subject of a motion to compel after they were unable to reach an accord. The defendant has failed to comply with this seemingly simple, yet vital task in the discovery process.

For all of these reasons, the Court will deny the defendant's motion to compel (Docket #42) without prejudice. The Court, of course, recognizes that the defendant was not permitted a reply in this instance, due to the briefing restraints imposed by Local Rule 7(h), to respond to the plaintiffs' assertion that they failed to meet and confer on these specific topics. If the defendant disagrees with that assertion, it is certainly free to revive the motion to compel with additional details regarding the meet and confer requirement. Either the parties met and conferred on these topics, or they did not; both cannot be true. The Court reminds all counsel of their ongoing obligation as officers of this Court to act with candor in all matters before it. *See* General L.R. 83(d) (noting that all attorneys before this Court are subject to the Wisconsin Rules of Professional Conduct for Attorneys). The Court has limited resources and will not waste precious time over discovery matters that the parties have not genuinely attempted to resolve. The motion to compel will be denied.

2. Motion for Protective Order—Rule 30(b)(6) Topics

On May 12, 2015, the defendant issued a Common Notice of Deposition to Plaintiff Pursuant to Federal Rule of Civil Procedure 30(b)(6) that included 43 topics. (Docket #43-3). On June 29, 2015, the plaintiffs filed a motion for a protective order precluding the defendant from obtaining testimony on Topic Nos. 23, 25, 28, and 35-38. (Docket #46 at 1). Specifically these topics include the following:

> Topic No. 23: Plaintiffs' contentions concerning which of Plaintiffs' products are or may be covered by the Patents-in-Suit and which of Plaintiffs' products are not or may not be covered by the Patents-in-Suit, and all facts and documents which support such contentions.
>
> Topic No. 25: Plaintiffs' contentions concerning whether there are secondary considerations that tend to show the Patents-in-Suit to be non-obvious (for example, long-felt need, commercial success, copying, etc.), including the entire factual basis for such contentions and all documents supporting such contentions.
>
> Topic No. 28: For each of the inventions claimed in the Patent-in-Suit, the level of one of ordinary skill in the art at the time of the invention.
>
> Topic No. 35: All facts concerning any contentions that each Defendant has willfully infringed any of the Patents-in-Suit.
>
> Topic No. 36: All facts concerning Plaintiffs' contention that this is an exceptional case pursuant to 35 U.S.C. § 285.
>
> Topic No. 37: All facts concerning Plaintiffs' contention that it is entitled to injunctive relief.

> Topic No. 38: All facts concerning any damages sought by Plaintiffs, including, any basis for obtaining compensatory damages from each Defendant for the period prior to the filing of the Complaint.

(Docket #43-3 at 10-11). The plaintiffs object to these topics because the defendant "is not entitled to discovery of the legal theories and work-product underlying Plaintiffs contentions." (Docket 46 at 2). The plaintiffs argue that the "topics call not for testimony of facts, but as to the positions of the parties and the legal analysis of which facts are of legal significance." (Docket #46 at 2). The plaintiffs instead contend that the defendant may obtain the information requested through carefully crafted contention interrogatories. (Docket #46 at 4).

### 2.1 Legal Standards

Under Federal Rule of Civil Procedure 26(c)(1), a party from whom discovery is sought may move for a protective order; the court may, for good cause, issue an order to protect party or person from annoyance, embarrassment, oppression, or undue burden or expense.[2] "Good cause requires a showing that the discovery request is considered likely to oppress an adversary or might otherwise impose an undue burden." *Forest Prods. Nw., Inc. v. United States*, 453 F.3d 1355, 1361 (Fed. Cir. 2006) (citing *Capital Props., Inc. v. United States*, 49 Fed. Cl. 607, 611 (2001)).

Federal Rule of Civil Procedure 30(b)(6) controls a notice or subpoena directed to an organization. It states:

---

[2] The Court notes that the plaintiffs did not specifically address how the Rule 30(b)(6) topics fit within the annoyance, embarrassment, oppression, or undue burden or expense standard for a protective order.

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed.R.Civ.P. 30(b)(6). Rule 30(b)(6) is a vehicle for streamlining the discovery process. *See Resolution Trust Corp. v. Southern Union Co.*, Inc., 985 F.2d 196, 197 (5th Cir. 1993).

Courts have split whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories. *Compare JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying discovery request seeking "defendants' mental impressions, conclusions, opinions, and legal theory"), *and SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1992) (asserting that "the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC"), *with EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432–34 (D. Nev. 2006) (denying "defendant's request for a protective order to limit the scope of Rule 30(b)(6) deposition questioning to preclude inquiry into the factual bases for defendant's asserted position statements and affirmative defenses"), *and In Re Vitamins Antitrust Lit.*, 216 F.R.D. 168, 171–74 (D.D.C. 2003) (allowing 30(b)(6) facts and admissions in corporation's antitrust submission to European Commission, stating: "Bioproducts

argument that the Rule 30(b)(6) discovery is unnecessary and duplicative is without merit.").

2.2     Discussion

The plaintiffs rely on several cases for the proposition that contention interrogatories are a better vehicle for certain claims and defenses in patent cases specifically. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.* 134 F.R.D. 275, 287, *overruled on other grounds,* 765 F. Supp. 611 (N.D. Cal. 1991) (finding that the bases for contentions do not exist exclusively of relatively straightforward or evidence…[r]ather, determining what the bases for contentions are in this environment involves complex judgments about [principles of intellectual property law]); *see also Trs. of Bos. Univ. v. Everlight Elecs. Co.,* Nos. 12-CV-11935-PBS, 12-CV-12326-PBS, 12-CV-12330-PBS, 2014 WL 5786492, at *4-5 (D. Mass. Sept. 24, 2014); *ViaSat, Inc. v. Space Sys./Loral, Inc.,* No. 12-CV-0260-H WVG, 2013 WL 3467413, at *5–7 (S.D. Cal. July 10, 2013); *TV Interactive Data Corp. v. Sony Corp.,* No. 10-475 PJH, 2012 WL 1413368, at *1–3 (N.D. Cal. Apr. 23, 2012). The plaintiffs argue that "'[p]atent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law. Understanding that dynamic, and describing the relationships that serve as the bases for a given parties' contentions, is something best done by patent lawyers.'" (Docket #46 at 4) (quoting *McCormick*, 134 F.R.D. at 287).

In contrast, the defendant argues that, although the topics seek factual information that could be significant to a legal theory, that does not warrant a blanket prohibition on these topics. Defendant relies on several cases, including *Avocent Redmond Corp. v. Rose Elecs.,* No. C06-1711RSL, 2012 WL 4903272, at *3 (W.D. Wash. May 29, 2012)(denying protective order to bar

30(b)(6) deposition on all facts and circumstances regarding patentee's willful infringement claim); *Iris Corp. Berhad v. United States*, 84 Fed. Cl. 489, 493 (Fed. Cl. 2008) (denying protective order to bar 30(b)(6) deposition regarding claim construction, reasoning it is appropriate for corporate representatives of a patent owner to be asked about knowledge of potential prior art and prosecution of a patent-in-suit); *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155, 1158–59 (D. Colo. 2000) (rejecting argument to bar 30(b)(6) testimony regarding infringement claims because such testimony called for a legal conclusion or required expert testimony in advance of discovery). Defendant argues that none of the topics at issue here request attorney work product; nor is any topic so broadly written that the plaintiffs cannot prepare a witness to discuss the facts related to it. (Docket #48 at 3).

Here, the Court finds the defendant's argument to be more persuasive. The facts within documents protected as work product are not subject to protection; "[i]t matters not that the [Rule 30(b)(6)] witnesses understanding was gleaned from [those] documents." *See Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.,* 218 F.R.D. 29, 34 (D. Conn. 2003). As the advisory notes to Rule 26 remind us, "'[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" Fed.R.Civ.P. 26 advisory committee notes (1983 Amendments) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The defendant does not seek the mental impression of the plaintiffs' counsel or experts, but rather it is merely seeking information in the plaintiffs' possession on which they base their assertions that the defendant has infringed its patents. *See Ecrix Corp.*, 95 F. Supp. 2d at 1158. While the Court is mindful that the information sought could potentially be significant to a protected legal theory, the Court agrees with the defendant that this factor

does not warrant a blanket prohibition of these topics. *See Sec. Ins. Co. of Hartford,* 218 F.R.D. at 34.

Moreover, the plaintiffs' argument that it is entitled to a protective order because it can provide all available evidence through contention interrogatories is unpersuasive. Parties to litigation do not have to accept their opponent's statement that all relevant evidence has been produced via a given discovery vehicle—they are entitled to test this assertion in questioning witnesses during depositions. *Iris Corp.*, 84 Fed. Cl. at 494. This concept is particularly applicable here, where the defendant asserts that the reason for the proposed depositions is because the plaintiffs' have "refused to provide this information in response to interrogatories." (*See* Docket #48 at 2). The Court finds that, rather than issue a blanket protective order, objections raised and/or instructions not to answer given in response to specific questions during the depositions will adequately protect plaintiffs' interests. *See Avocent Redmond Corp.,* 2012 WL 4903272, at *1.

Finally, the Court reiterates that it was the plaintiffs' burden to demonstrate good cause for a protective order as prescribed by Federal Rule of Civil Procedure 26(1). Protective orders are, in fact, an exception to the general rule that pretrial discovery must occur in the public eye. *American Tel. & Tel. Co. v. Grady,* 594 F.2d 594, 596 (7th Cir. 1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 945–46 (7th Cir. 1999). The Court finds that the plaintiffs have failed to meet their burden and, thus, the motion for a protective order will be denied.

Accordingly,

IT IS ORDERED that the defendant's motion to compel (Docket #42) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendant's motion to restrict (Docket #41) be and the same is hereby GRANTED. The following documents shall be restricted to case participants only: (1) Chervon's Civil L.R. 7(h) Expedited Non-Dispositive Motion To Compel Discovery (Docket #46); and (2) Declaration of Christopher R. Liro in Support of Chervon's Civil L.R. 7(h) Expedited Non-Dispositive Motion To Compel Discovery, and associated exhibits A0118, A0141, A0168 and A0190 (Docket #43); and

IT IS FURTHER ORDERED that the plaintiffs' motion for a protective order (Docket #46) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 16th day of July, 2015.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge