# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> HILTI, INC., <br><br> Defendant. | Case No. 14-CV-1288-JPS |
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CHERVON NORTH AMERICA, INC. <br><br> Defendant. | Case No. 14-CV-1289-JPS |

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> POSITEC TOOL CORPORATION and POSITEC USA, INC., <br><br> Defendants. | Case No. 14-CV-1295-JPS |
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SNAP-ON INCORPORATED, <br><br> Defendant. | Case No. 14-CV-1296-JPS <br><br><br> **ORDER** |

Before the Court is Plaintiffs' second motion to lift the stay of proceedings in these patent actions, referred to collectively as the "Related Cases." (Docket #131).[1] Plaintiffs ask the Court to lift the stay in light of the recent decisions of the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") on i*nter partes* review ("IPR") of Plaintiffs' patents. During IPR, the PTAB upheld the validity of Plaintiffs' patents against Defendants' challenges. Defendants oppose lifting the stay, arguing

---

[1] For ease of reference, the Court will refer only to the docket in Case No. 14-cv-1289 except as otherwise noted.

that it should continue while they appeal the PTAB's rulings to the Federal Circuit. For the reasons stated below, Plaintiffs' motion will be granted.

## 1. BACKGROUND

This is the third time the Court has addressed the stay. Because the parties are well-versed in the facts and procedural history of the Related Cases, the stay, and the IPR proceedings related to these cases, the Court will not review them again here. *See* (Docket #129); *Milwaukee Electric Tool Corp. v. Hilti, Inc.*, 138 F. Supp. 3d 1032, 1034–36 (E.D. Wis. 2015). The Court will briefly review only the facts necessary to its decision.

First, on October 2, 2015, the Court granted Defendants' motion to stay the Related Cases to permit them to litigate requests for IPR of Plaintiffs' patents before the PTAB. (Docket #112). Next, on October 28, 2016, the Court denied Plaintiffs' motion to lift the stay in two of the four Related Cases. (Docket #129). The Court determined that although Defendants' initial IPRs related to these cases had been unsuccessful, Defendants had filed several subsequent IPRs that were soon to be decided. *See id.* at 5–8. The Court therefore resolved to continue the stay and ordered the parties to provide an update when the new sets of IPRs were ruled upon by the PTAB. *Id.* at 8–9.

On November 15, 2016, Plaintiffs reported that the PTAB issued final written decisions in the subsequent IPRs, upholding the validity of each of the relevant patents. (Docket #130); (Docket #132 at 2–3).[2] After receiving these rulings, Defendants appealed to the Federal Circuit. (Docket #135). Those appeals have been consolidated before the Court of Appeals. *Id.* The

---

[2]As noted in the Court's recent order, in IPR proceedings the PTAB reviews only a limited set of grounds on which a patent may be declared invalid. (Docket #129 at 2); 35 U.S.C. § 311(a)–(b).

median time for a decision from the Federal Circuit is around eleven months. *Id.*

In light of their appeal to the Federal Circuit, none of the Defendants would consent to a lifting of the stay. As a result, Plaintiffs have filed a second motion requesting that the stay be lifted. (Docket #131). Defendants coordinated to draft a single opposition brief. (Docket #132). Plaintiffs have replied (Docket #134), and so the motion is ripe for disposition.

**2.    ANALYSIS**

A fresh look at the considerations pertinent to continuing or ending a stay reveals that it is time for the Related Cases to move forward. Those factors include:

> (1) the stage of the litigation, including whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*ACQIS, LLC v. EMC Corp.*, No. 14-CV-13560-ADB, 2015 WL 3617106, at *4 (D. Mass. June 10, 2015) (quoting *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12–CV–333, 2014 WL 6388489, at *1 (D. Me. Nov. 14, 2014)). As the Court previously observed, a stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13–cv–4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014). However, courts are not bound to counting the applicable factors; rather, they have discretion to consider the totality of the circumstances presented. *Rensselaer Polytechnic Inst. v. Apple Inc.*, 1:13-cv-0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014); *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).

In this case, Defendants were granted a stay of over one year so that they could pursue IPR of Plaintiffs' patents. They failed to convince the PTAB that the patents in suit should be invalidated. Although the Court is cognizant of the possibility that the Federal Circuit may reverse or modify the PTAB's rulings, this possibility alone is insufficient to warrant what looks to be another year-long stay of proceedings. At some point, the parties will have to resolve the claims brought before this Court, and Defendants have not proffered sufficient reasons to delay the day of judgment any longer.

The Court appreciates that substantial discovery remains to be done in this case and that this normally weighs in favor of a stay. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014). Yet until the stay in this case is lifted, there will always be a great deal of discovery remaining. Likewise, although a ruling from the Federal Circuit might further simplify the issues or provide the Court further guidance, *see Depomed Inc. v. Purdue Pharma, L.P.*, No. 13-571, 2016 WL 50505, at *2 (D.N.J. Jan. 4, 2016), the Court cannot wait indefinitely to resolve Plaintiffs' claims, *ACQIS, LLC v. EMC Corp.*, Civil Action No. 14-cv-13560, 2016 WL 4250245, at *2–3 (D. Mass. Aug. 10, 2016); *see also Chrimar Sys., Inc. v. Adtran, Inc.*, CIVIL NO. 6:15-CV-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016) (observing that a plaintiff "has an interest in the timely and cost effective enforcement of its patent rights"). The Court already has the benefit of the expert guidance of the PTAB, and Defendants do not explain why the insight of the Federal Circuit would be substantially more helpful beyond the prospect of reversing the PTAB's ruling. Moreover, in contrast to the earlier posture of this case, in which there was a "reasonable likelihood" that Plaintiffs' patents would be invalidated, *see* 35 U.S.C. § 314(a), now that those patents have survived IPR, there remains only a speculative possibility that

the Federal Circuit will reverse the PTAB and invalidate them. *Network-1 Security Solutions, Inc. v. Alcatel-Lucent USA Inc.*, CASE NO. 6:11cv492, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015). Thus, achieving further simplification or additional guidance in this case is less likely at this stage than it was previously.[3]

In this respect, the Court respectfully disagrees with the conclusion in *Safe Storage LLC v. Dell Inc.*, 12-cv-1264-GMS, slip op. at 5 n.1 (D. Del. Mar. 11, 2016), that the possibility of reversal at the Federal Circuit is sufficient to warrant extension of a stay. More compelling are those courts which declined to continue a stay for appeal to the Federal Circuit after considering the age of the case and the diminishing likelihood that the stay would pay dividends in simplification or expert guidance. *See, e.g., Zipit Wireless Inc. v. Blackberry Ltd.*, Civil Action No. 6:13-cv- 02959-JMC, 2016 WL 3452735, at *2–3 (D.S.C. June 24, 2016); *LG Electronics, Inc. v. Toshiba Samsung Storage Technology Korea Corp.*, Civil Action No. 12-1063-LPS-CJB, 2015 WL 8674901, at *7 (D. Del. Dec. 11, 2015); *ACQIS, LLC*, 2016 WL 4250245, at *2–3.[4]

---

[3]Furthermore, since the USPTO has ruled on all the pending IPRs, the Court is now presented with an opportunity to make a clean break from those parallel proceedings. *See* (Docket #129 at 7) (noting that it would unduly complicate matters to lift the stay as to only two of the four Related Cases). Because the USPTO has rendered final decisions in every IPR at issue here, there exists a level of finality that distinguishes this case from cases like *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, Case No. 13-cv-04205-WHO, 2014 WL 2735185, at *1 (N.D. Cal. June 6, 2014), and *Princeton Digital Image Corp. v. Konami Digital Entertainment, Inc.*, Civil Action No. 12–1461–LPS–CJB, 2015 WL 219019, at *1 (D. Del. Jan. 14, 2015), in which the USPTO had only just instituted IPR.

[4]Additionally, the Court is unpersuaded by the decision to continue a stay of litigation in *In re Ameranth*, No. 11-cv-1810 DMS, slip op. at 1 (S.D. Cal. Apr. 3, 2015). Although the case addressed the same procedural juncture as in this case, it contains no analysis whatsoever of the factors underlying its decision.

At this juncture, the most salient consideration is the prospect of undue prejudice against Plaintiffs. The Court found in October that Plaintiffs could wait a few more weeks for the final IPR decisions. (Docket #129 at 7–8). Asking Plaintiffs to wait for another year or more is quite different, particularly since this case has already been pending since 2014. *See* (Docket #135 at 1–2). As such, this case is in a far different posture than *Straight Path IP Group, Inc. v. Verizon Communications Inc.*, 16-CV-4236 (AJN), 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016), a case which was only "in its infancy" when the court found that a continued stay during appeal of an IPR decision was warranted. Instead, the present case is more akin to *Zoll Medical Corporation v. Respironics, Inc.*, C.A. No. 12–1778–LPS, 2015 WL 4126741 (D. Del. July 8, 2015), where the court denied a motion to stay in an identical posture, reasoning that

> [t]he present circumstances involve a patent infringement case that has essentially been stalled for 2 ½ years, despite the claims of the patent-in-suit having been confirmed in IPR and despite the accused infringer being estopped from raising the invalidity grounds it raised or reasonably could have raised in the IPR. *See* 35 U.S.C. § 315(e)(2). The pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify this litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds. Continuing the stay would unduly prejudice [the plaintiff] and unfairly advantage [the defendant], in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided.

*Id.* at *1; *Network-1,* 2015 WL 11439060, at *5 (finding unfair prejudice where action had been pending nearly two years and exhaustion of appeals would cause considerable additional delay). In light of its obligation to ensure the

expeditious resolution of this case, *see* Fed. R. Civ. P. 1, the Court finds that the stay in the Related Cases has outlived its usefulness. *See Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002) ("[T]he court may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.").

### 3. CONCLUSION

The Court finds that, after analyzing the relevant factors, a continued stay in this matter is unwarranted. As a result, Plaintiffs' motion to lift the stay will be granted.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motions to lift the stay:

> 14-CV-1288, Docket #79;
>
> 14-CV-1289, Docket #131;
>
> 14-CV-1295, Docket #102; and
>
> 14-CV-1296, Docket #106;

be and the same are hereby **GRANTED**.

An Amended Trial Scheduling Order follows.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge