IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES, LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED and TECHTRONIC INDUSTRIES CO. LTD., <br><br> *Plaintiffs and Counterclaim Defendants,* <br><br> v. <br><br> CHERVON NORTH AMERICA, INC., <br><br> *Defendant and Counterclaim Plaintiff.* | Case No. 2-14-cv-01289-JPS <br><br> Hon. J.P. Stadtmueller |

# CHERVON NORTH AMERICA INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND

More than two and a half years after Plaintiffs strategically chose to sue only Chervon North America, Inc. ("Chervon NA"), Plaintiffs now seek to amend their Complaint to add a brand-new party—Chervon (HK) Limited ("Chervon HK")—whom Plaintiffs knew about long before filing suit, who is not subject to personal jurisdiction in this Court, and whose addition will only cause delay. The right to amend is not absolute, and leave to amend is inappropriate where, as here, there has been undue delay and the proposed amendment would cause undue prejudice and be futile in any event. *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

**Untimely.** The Seventh Circuit has routinely affirmed denials of leave to amend when movants have unduly delayed in seeking to amend after learning the facts that form the basis of their amendment. *Gray v. Schaub*, No. 97-2023, 1999 WL 313743 *3 (7th Cir. Mary 7, 1999) (affirming denial of leave to amend where plaintiff's "proposed amendment could and should have been presented much earlier in the litigation") (unpublished); *accord Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993); *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir. 1990).[1] Here, Plaintiffs had knowledge of Chervon HK's (and Chervon Limited's) role with respect to the accused products as early as 2011—*three years before they filed suit*—when Plaintiff Techtronic Industries Co., Ltd. ("TTI") sent a letter to Chervon Limited (not Chervon NA) offering a license to numerous patents, including the patents-in-suit. (*See* Dkts. 66-5, 66-6.) Nonetheless, Plaintiffs made a strategic choice to name only Chervon NA as defendant in this suit. (Dkt. 1; *see also* Dkt. 71 at 1-2.) Plaintiffs should be held to that choice. *Cf. Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1357 (Fed. Cir. 2008) (reasoning plaintiff knew the identity of manufacturers and should be held to its

---

[1] Plaintiffs rely on *Select Creations* to state that delay alone is not enough to deny leave, but the movant there "filed the Amendment within one (1) week" of learning of the facts that justified amendment. *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1219 (E.D. Wis. 1993). Moreover, even if delay alone were not enough, "undue delay," like that present here, is. *See Perrian*, 958 F.2d at 194 (using "or" to separate several alternative grounds for denial).

strategic choice not to name them in it its complaint).

Moreover, as they appear to acknowledge (Dkt. 150 at ¶¶ 3-4), Plaintiffs were on notice of Chervon HK's role from the very beginning of the case. On **December 15, 2014**, Chervon NA answered Plaintiffs' complaint, explaining that as the sole named defendant, Chervon NA was responding only on behalf of itself, not on behalf of Chervon HK.[2] (Dkt. 13 at ¶ 6.) In its initial disclosures, served **February 4, 2015**, Chervon NA identified Chervon HK as an entity that would have marketing, sales, and financial information relating to the accused products. (Santhanam Decl. at Ex. 1; *see also* Dkt. 150 at ¶ 3.) On **June 25, 2015**, Chervon responded to Plaintiffs' Interrogatory 18, explaining that "Chervon (HK) Limited and/or Chervon Limited are the entities that sell the Accused Products to customers . . . with very limited exceptions." (Dkt. 61-37.) Similarly, on **August 26, 2015**, Mike Nipke, Chervon NA's former CEO, testified that Chervon HK is "the one[] who [is] actually selling the goods to the customer." (Dkt. 150-1 at 15:15-22.) When Plaintiffs earlier moved to compel sales information for accused products (Dkt. 69), Chervon NA again explained that this information would be with Chervon HK and/or Chervon Limited, who made the sales, but that Chervon NA had sought to voluntarily obtain that information to facilitate discovery (Dkt. 71 at 1-2; Dkt. 77 at 1-2). Yet, Plaintiffs did not attempt to add Chervon HK as a party at any time before the stay and did not even raise this as an issue until March 6, 2017 (Santhanam Decl. at ¶ 2)—*more than two months after* this Court lifted the stay at Plaintiffs' request (Dk. 136).

**Prejudicial.** Leave to amend should be denied if it unduly prejudices any party, and "[t]he burden to the judicial system can [itself] justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party." *Perrian*, 958 F.2d at 195 (citations omitted). In this regard, "[t]he longer the delay in seeking leave to amend . . . the likelier it is both that the delay is inexcusable and that granting leave to amend will, by further

---

[2] Nothing in Chervon NA's answer indicated that Chervon HK did not have a role in the sales.

delaying the lawsuit, impair the public interest in the prompt resolution of legal disputes." *Gray*, 1999 WL 313743 at *2 (citations and quotations omitted); *accord Amendola*, 907 F.2d at 764; *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 862 (7th Cir. 2001). Here, even setting aside Plaintiffs' delay in seeking to add Chervon HK, Plaintiffs must serve Chervon HK (a Chinese entity) under the Hague Convention and are unlikely to effectuate service before trial is scheduled to begin on October 16, 2017, much less before the key summary judgment or discovery deadlines.[3] Moreover, the proposed amendment will likely prolong and complicate discovery, dispositive motions, and trial—all to Chervon NA's detriment. At a minimum, injecting new claims against Chervon HK would fundamentally alter the parties' theories of liability and damages, likely requiring different witnesses and approaches than the present suit against Chervon NA.[4] Indeed, Chervon NA merely "facilitates" the marketing and sale of products by Chervon HK, and facilitating is not an act of infringement under 35 U.S.C. § 271(a).

**Futile.** Plaintiffs' motion would also be futile because Chervon HK has no contacts—whether employees, sales, offices, or tax payments—in the Eastern District of Wisconsin sufficient to establish personal jurisdiction or propriety of venue as to Chervon HK. (Santhanam Decl. at Ex. 2, Boltz at ¶¶ 3-6.) Indeed, Plaintiffs bear the burden of establishing personal jurisdiction and propriety of venue but have failed to present specific evidence meet their burden. *See, e.g.*, *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) (affirming finding of no personal jurisdiction over foreign entity).

---

[3] *See* Hong Kong, Reservations to Hague Convention (July 19, 1970) (requiring service only through the central authority); Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Art. 15, *concluded* Mar. 18 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444 (providing no deadline for the central authority to act and alternatives to service through the central authority only after six months). Even if Chervon HK were willing to waive service of process (which it does not), it would not be required to answer the amended complaint until after the deadline for briefs on claim construction and dispositive motions. FED. R. CIV. P. 4(d)(3).

[4] Plaintiffs cite *Clark* to argue that including additional corporate defendants causes no prejudice, but *Clark* is distinguishable, as it sought addition of shareholders of a closely held corporation, where the court previously disregarded the separate corporate identities due to "exceptional" circumstances. *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 n.23 (7th Cir. 1974).

**Dated:** March 22, 2017                                    Respectfully submitted,

                                              By:  */s/ Christopher R. Liro*
                                                     Christopher R. Liro (1089843)
                                                     Andrus Intellectual Property Law, LLP
                                                     100 E. Wisconsin Avenue, Suite 1100
                                                     Milwaukee, WI 53202
                                                     Phone: (414) 271-7590
                                                     Fax: (414) 271-5770
                                                     *chris.liro@andruslaw.com*

                                                     Russell E. Levine, P.C.
                                                     Hari Santhanam
                                                     Christa Laser
                                                     KIRKLAND & ELLIS LLP
                                                     300 North LaSalle Street
                                                     Chicago, Illinois 60654
                                                     Telephone: (312) 862-2000
                                                     Facsimile: (312) 862-2200
                                                     *rlevine@kirkland.com*
                                                     *hsanthanam@kirkland.com*
                                                     *christa.laser@kirkland.com*

                                          *Attorneys for Chervon North America, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2017, the foregoing CHERVON'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

**Dated:** March 22, 2017

                   By:  /s/ Christopher R. Liro
                      Christopher R. Liro (1089843)
                      Andrus Intellectual Property Law, LLP
                      100 E. Wisconsin Avenue, Suite 1100
                      Milwaukee, WI 53202
                      Phone: (414) 271-7590
                      Fax: (414) 271-5770
                      *chris.liro@andruslaw.com*