# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, METCO BATTERY TECHNOLOGIES LLC, AC (MACAO COMMERCIAL OFFSHORE) LIMITED, and TECHTRONIC INDUSTRIES CO. LTD., | Case No. 14-CV-1289-JPS |
| Plaintiffs, | |
| v. | |
| CHERVON NORTH AMERICA INC., | |
| Defendant. | **ORDER** |

On March 15, 2017, Plaintiffs filed an expedited motion under Civil Local Rule 7(h) for leave to amend their complaint to add Chervon (HK) Limited ("Chervon HK"), a Chinese entity located in Hong Kong, as a defendant in this matter. (Docket #149). Chervon HK is, according to Plaintiffs, the parent to Defendant Chervon North America, Inc. ("Chervon NA"). *Id.* at 1. Chervon HK allegedly made sales of the infringing products at issue here. *Id.* Because Plaintiffs' motion was filed as expedited under Civil Local Rule 7(h), its argument in support of amendment is scant. *See* Civ. L. R. 7(h) (limiting argument in support to three pages). Plaintiffs claim that joining Chervon HK will not change the substantive issues raised in this case, nor will it require additional discovery. *Id.* Rather, Plaintiffs seek merely to add a defendant who is related to Chervon NA and who also participated in the alleged infringement of Plaintiffs' patents. *Id.* at 1–3.

Chervon opposes the motion. (Docket #155). First, it says that the amendment is untimely, since it comes two and a half years after the suit was filed, although there is evidence that Plaintiffs knew of Chervon HK's

participation in the relevant conduct much earlier than that. *Id.* at 1–2. Second, Chervon NA contends that amendment would be unfairly prejudicial, citing the delay in seeking amendment and the delay the proposed amendment would cause. *Id.* at 2–3. In particular, Chervon NA notes that serving Chervon HK in China could, under the relevant treaties, take as long as six months, which would delay the case well past the current dispositive motion deadline and probably past the trial date, which is set for October 16, 2017. *Id.* Finally, Chervon NA claims that the proposed amendment would be futile, as Plaintiffs could not establish that personal jurisdiction or proper venue exists over Chervon HK in this Court. *Id.*

On the basis of these arguments, the Court must deny Plaintiffs' motion.[1] Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts favor granting leave to amend, but they act within their discretion to deny such leave when there is a substantial reason to do so.

---

[1]On March 27, 2017, Plaintiffs filed a letter attempting to address Chervon's arguments and requesting oral argument on its motion. (Docket #164). The letter reads like a reply brief, but by invoking Civil Local Rule 7(h), Plaintiffs deprived themselves of the ability to file such a brief absent leave of the Court. Civ. L. R. 7(h). Plaintiffs did not designate the letter as a reply, nor ask for leave to file it, and so the Court is left with a document filed out of the normal stream of expedited motion briefing.

The Court will neither consider the arguments made in the letter nor grant the request for oral argument. First, because Plaintiffs chose to operate under the strictures of Rule 7(h), Plaintiffs cannot escape those strictures now that the complexity of the relevant issues has come into full view. Nor would it be fair to Chervon NA, which was forced to file a 3-page opposition in conformity with Rule 7(h). Finally, the Court notes that oral argument is almost never permitted in this branch of the Court, and deciding whether to grant it rests in the Court's discretion. *Id.* 7(e). No cause exists to entertain oral argument on this motion, particularly not on Plaintiffs' stated reason that it needs to address Chervon's arguments. If Plaintiffs thought a reply would have been useful, they should not have resorted to the expedited motion procedures the Court provides.

*Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). This includes undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, while Plaintiffs may be correct that Chervon's foreign parent had a part to play in the alleged infringement, it has simply been far too long to permit a change in the cast of this case. Normally delay is not itself a sufficient basis for denying a motion to amend, *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir.1988), but "the longer the delay, the greater the presumption against granting leave to amend." *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 908 (7th Cir. 1988); *Bohen v. City of E. Chicago, Ind.*, 799 F.2d 1180, 1184 (7th Cir. 1986) ("[C]onsiderations of delay and prejudice may preclude automatic grant of an amendment."). Chervon NA's evidence demonstrates that Plaintiffs knew that Chervon HK was involved at least since the beginning of this case over two years ago. Despite this, only now that Chervon NA's defense is revealed—namely, that it "facilitated" the infringement but is not itself liable—do Plaintiffs seek to join its foreign parent. Without commenting upon the merit of Chervon's NA's theory, the Court is not persuaded that, on the facts known to it from the very start of this litigation, Plaintiffs should not have foreseen the wisdom in joining Chervon HK much earlier. *Select Creations*, 830 F. Supp. at 1217 (given a long passage of time, "the party seeking leave to amend must justify that request by more than invocation of the concept of the liberality of Rule 15(a)"). Amendment under Rule 15(a) cannot be used as "a license for carelessness or

gamesmanship." *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir. 1988).

Moreover, although the case has lived much of its life under a stay during proceedings before the U.S. Patent and Trademark Office, the Court, consistent with its usual practice, set an aggressive schedule for the final resolution of this matter more than two months ago. (Docket #137). Yet Plaintiffs waited until now to seek to join a foreign defendant whose participation would likely push back the Court's schedule substantially. Notably, this case is unlike *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 339–40 (7th Cir. 1974), where the district court erred in denying leave to join as defendants the officers and directors of the closely-held corporate defendants, since those individuals had "constructive notice of the action and indeed were active participants in it since its inception." In the present case, although there is a relationship between these two Chervon entities, and although it appears Chervon HK has been aware of this action, the link between Chervon HK and Chervon NA is far more tenuous than the connection between a closely held corporation and its directors.

Considering the Court's duties under Federal Rule of Civil Procedure 1 to construe all the Rules in order to secure the "just, speedy, and inexpensive determination of every action," the Court cannot stretch even the liberal standards of Rule 15 as far as Plaintiffs request. *See Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir. 1990) (no abuse of discretion to deny motion for leave to amend complaint where plaintiff gave no good reason for failure to earlier seek amendment and because granting leave "would impair the public interest in prompt resolution of legal disputes"); *Perrian*, 958 F.2d at 195 ("The burden to the judicial system can justify a denial of a motion to amend 'even if the amendment would cause no hardship at all to the opposing

party.'") (quoting *Tamari*, 838 F.2d at 908). The motion will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiffs' expedited motion for leave to amend their complaint (Docket #149) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge